MARGARET D. GRISWOLD, Respondent, *v*. THE METROPOL-
ITAN ELEVATED RAILWAY COMPANY *et al.*, Appellants.

*Court of Appeals, October* 28, 1890.

1. *Appeal.   Costs in general term.*—Where the appellant fails to call the
   attention of the general term to the point upon which it prevails in the
   court of appeals, the costs of the general term will not be awarded to
   him on modification of its judgment.
2. *Same.*—Where the counsel for the appellant, upon the argument of the
   appeal, in the court of appeals, recommended a modification of the
   judgment and pointed out the manner for determining the amount
   which should be deducted therefrom, he cannot insist that the case
   does not come within the rule authorizing the court of appeals to per-
   mit an affirmance of the judgment, after modification, pursuant to
   stipulation.

Motion to amend remittitur herein.

*Brainard Tolles*, for motion.

*Inglis Stuart*, opposed.

PARKER, J.—*First.*   The remittitur must be so amended
as to conform to the opinion in respect to the costs of this
court which in the event of an affirmance of the judgment
are awarded to the appellant.

*Second.*   The motion to further amend so as to give the
appellant costs of the general term should the stipulation
be made which will result in an affirmance of the judgment,
is denied.   The defendant omitted to call the attention of
the general term to the point upon which it prevails in the
court.   Had it done so this appeal might, and probably
would, have been unnecessary.   Its request to be awarded
costs of that court, therefore, is wholly without equitable
justification.

*Third.*   The appellant further insists that this case does

not come within the rule authorizing this court to permit an affirmance of the judgment after modification pursuant to stipulation. In view of the fact that the counsel for the appellant upon the argument of the appeal recommended a modification of the judgment and pointed out the manner for determining the amount which should be deducted therefrom, we need not consider the argument now presented. The amendment requested in that respect is denied.

All concur, except HAIGHT, J., absent.